UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JUAN PABLO VILLASENOR-VILLA,<br><br>        Defendant. | Case No. 1:13-cr-232-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it the government's Sealed Motion to Seal Trial Memorandum (Dkt. 215). The Court will deny the motion without prejudice.

The government asks to file its trial brief under seal because it wishes to protect the identity of an informant who will testify at trial. The government indicates that whether it will disclose this informant's identity to the defense may be resolved through stipulation. But this does not resolve the larger issue presented by this motion – which is whether to seal the entire trial brief.

The Court finds that, regardless of whether the defendant will learn the actual identity of the informant, the government has not satisfied the requisite standard for

sealing its entire trial brief.  To satisfy this standard, the government must demonstrate that a seal "(1) serves a compelling interest; (2) that there is a substantial probability, in the absence of sealing, that this compelling interest could be harmed; and (3) that there are no alternatives to sealing that would adequately protect the compelling interest.  *See In re Copley Press, Inc. v. Higuera-Guerrero*, 518 F.3d 1022, 1028 (9th Cir.  2008).

The government has not addressed this standard, other than to generally assert that that these types of cases – presumably, marijuana-growing operations on public lands – are "a very important continuing criminal concern of the Government" and that it is "concerned about this information [i.e., the identity of the informant and the identity of the informant's business] being made publicly available.

One problem with this argument is that this case is headed to trial, which will be open to the public.  Further, the informant is slated to testify at trial, though the government indicates that it will ask to identify this witness only by initials rather than by full name.  (The Court will take up this request in the context of the trial.)  The trial brief, which has been submitted to the Court and defense counsel only, takes the same approach – it refers to the informant only by initials, and the informant's business is not identified by name, only by type.  If this same sort information is going to be made public at trial, the Court cannot see why the trial brief should be sealed.  Nevertheless, at this point, the Court will simply deny the motion without prejudice.  The government may renew its motion to provide some further explanation to the Court on this point.

# ORDER

**IT IS ORDERED THAT** the government's motion to seal (Dkt. 215) is **DENIED WITHOUT PREJUDICE.** The government may renew its motion to seal within 14 days.

DATED: October 24, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court