UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN PABLO VILLASENOR-VILLA,<br><br>Defendant. | Case No. 1:13-cr-00232-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Pending before the Court is Defendant's Motion for Modification or Reduction of Sentence (Dkt. 326). Defendant seeks the modification or reduction pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c) of the United States Sentencing Guidelines (USSG). Section 3582(c)(2) provides for a reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Defendant contends that a 2014 amendment to USSG § 2D1.1 (Amendment 782) should be applied to his sentence retroactively because it would result in a lower offense level and, therefore, a shorter term of incarceration. However, Amendment 782 became effective on November 1, 2014, and Defendant was sentenced on February 10, 2015. At the time of Defendant's sentencing, the amendment was in effect, and, therefore, his sentencing range has not "subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Furthermore, Amendment 782 changed guideline calculations for mandatory drug minimums under § 2D1.1 and § 2D1.11. Villasenor's sentence was calculated based on § 2D1.5, which was not altered by Amendment 782. Accordingly, Villasenor's sentence would have been the same, even if calculated using the old guidelines.

For all these reasons, Defendant's sentence does not qualify for a modification or reduction, and his motion will be denied.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Modification or Reduction of Sentence (Dkt. 326) is **DENIED**.

DATED: August 1, 2017

B. Lynn Winmill
Chief Judge
United States District Court