UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN PABLO VILLASENOR-VILLA,<br><br>Defendant. | Case No. 1:13-cr-00232-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Juan Pablo Villasenor-Villa's motion for an order compelling prior defense counsel to release records and files (Dkt. 328). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In November 2014, a jury convicted defendant Juan Pablo Villasenor-Villa of manufacturing more than 1,000 marijuana plants, in violation of 21U.S.C. § 841; possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; and injury to government property, in violation of 18 U.S.C. § 1361. He appealed his

conviction for engaging in a continuing criminal enterprise. The Ninth Circuit affirmed the conviction.

Mr. Villasenor-Villa later filed a motion to compel his former counsel to produce a copy of his file. He says he needs these documents files to prepare a post-conviction filing, but reports that his trial attorney has not provided these documents to him.

## ANALYSIS

Typically, the Court does not intervene in the relationship between a party and his counsel and would act only in the face of an attorney's refusal, persistent disregard, or undue delay in responding to a client's reasonable request for materials or other assistance. Here, the Court does not have a response regarding Mr. Villasenor-Villa's allegation that his former counsel has "circumvented the defendant on many occasion by presenting him with false information, making various excuses, and now blatantly ignoring defendant's very specific requests for the legal records which contain specific details of his case and conviction." *Motion*, Dkt. 328.

Under these circumstances, the Court will simply order counsel to turn over to defendant all materials in the case file, to the extent counsel has not already done do, within thirty days of this order.

Defendant should be aware, however, that this Order, standing alone, does not excuse him from timely filing a § 2255 motion. Such motions are subject to a one-year limitation period. Although that one-year deadline is subject to equitable tolling, courts

apply that doctrine sparingly. *See generally Irwin v. Dept. of Veterans Affairs*, 408 U.S. 89, 96 (1990).

## ORDER

IT IS ORDERED that Defendant's motion to compel (Dkt. 328) is GRANTED. In accordance with this ruling, to the extent that Defendant has not yet been provided with a copy of all materials in the case file compiled by his trial counsel, trial counsel shall forward any such remaining materials to Defendant within thirty (30) days of the date of this order.

DATED: April 24, 2018

B. Lynn Winmill
Chief U.S. District Court Judge